IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRINITY VALLEY SCHOOL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CHESAPEAKE OPERATING, INC., | § | Civil Action No. 3:13-cv-01082-K |
| CHESAPEAKE EXPLORATION, | § | |
| L.L.C. as successor by merger to | § | |
| CHESAPEAKE EXPLORATION, L.P., | § | |
| | § | |
| Defendants. | § | |

## JOINT OMNIBUS FILING OF TRIAL AGREEMENTS TO SUPPLEMENT SECOND AMENDED JOINT PRETRIAL ORDER

Trinity Valley School, et al. (collectively, the landowner plaintiffs) and Chesapeake Exploration, L.L.C., by merger to Chesapeake Exploration, L.P., and its agent Chesapeake Operating, Inc., (collectively, the Chesapeake Defendants) file this Joint Omnibus Filing of Trial Agreements to Supplement the Second Amended Joint Pretrial Order, filed on September 3, 2015.

## I.    AGREED MOTIONS *IN LIMINE*

The landowner plaintiffs and the Chesapeake Defendants have jointly agreed to the following motions *in limine*:

1.    References or questions regarding the intent or understanding of any parties' counsel, the content of any attorney-client privileged or confidential communications, or lack thereof, including without limitation questions that either may tend to require an attorney or witness to divulge a client confidential or privileged communication or may tend to require an attorney or witness to have to object to answering on such grounds. Fed. R. Evid. 501; Fed. R. Evid. 403.

2.    References or questions regarding how counsel prepared witnesses who they represent for their trial testimony. Fed. R. Evid. 501; Fed. R. Evid. 403.

3.    References or questions regarding the filing of any motion *in limine* by any party because such references are inherently prejudicial in that they suggest or infer that a party sought to prohibit proof or that the Court has excluded proof of matters damaging to a party's case. Fed. R. Evid. 401-403.

4.    References or questions, in front of the jury, directed to the adverse party's counsel. Fed. R. Evid. 401-403.

1244008

5.      In reading or playing videotaped depositions, any attorney's objections, comments, side bars, or responses to objections; provided, however, that this limitation shall not prevent a party from playing testimony where both the witness and the attorney were speaking at once in the deposition in order to play the question and/or answer. Fed. R. Evid. 401-403.

6.      References or questions regarding the fact that any party (or counsel) may have declined or refused to stipulate to any matter. Fed. R. Evid. 401-403.

7.      References or questions regarding settlements entered into or discussed with any party, including a party to this lawsuit or to any other action and proceeding, as well as any and all statements made by any party in the settlement discussions during the course of those discussions. Fed. R. Evid. 408.

8.      References or questions regarding a party seeking (successfully or otherwise) to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit. Fed. R. Evid. 401-403.

9.      References or questions, in the presence of the jury, regarding any request that a party or attorney produce documents, stipulate to any fact, or make any agreement. Fed. R. Evid. 401-403.

10.     After the close of voir dire, references or questions regarding any statement of any venire person. Fed. R. Evid. 401-403.

11.     References or questions regarding the probable testimony of a witness, who is absent, unavailable, or not called to testify in the cause would be of a certain nature. Fed. R. Evid. 401-403.

3

12.     References or questions regarding any exhibit not being offered by any party. Fed. R. Evid. 401-403.

13.     References or questions regarding anyone sitting in this courtroom other than witnesses, counsel, parties, a party's corporate representatives, or Court personnel. Fed. R. Evid. 401-403.

14.     References or questions regarding any other suit, litigation, arbitration, or other legal or administrative proceeding. Fed. R. Evid. 401-403.

15.     References or questions regarding the fact that one party or the other may have had alternative pleadings, other theories of liability, or other requests for relief in this lawsuit than those contained in the latest pleading. Fed. R. Evid. 401-403.

16.     References or questions regarding as to where a particular lawyer or firm is from or how big it is. Fed. R. Evid. 401-403.

17.     References or questions regarding that the attorneys for the landowner plaintiffs have a contingency fee interest in the suit. Fed. R. Evid. 401-403.

18.     References or questions regarding any agreement among the landowner plaintiffs relating to the administration of the landowner plaintiffs' claims. Fed. R. Evid. 401-403.

19.     References or questions regarding any other lawsuits involving any party. Fed. R. Evid. 401-403.

20.     References or questions regarding any publicity about this case or any suggestion that the publicity is true or correct. Fed. R. Evid. 401-403.

21.     References or questions regarding any adverse effect of the existence of the claims or the lawsuit and/or the potential adverse effect of any verdict or judgment, including

4

without limitation any adverse effect on any party, a party's employees, or the economy, whether local or otherwise. Fed. R. Evid. 401-403.

22.     References or questions regarding the wealth, religious, or political beliefs or sexual preferences of any party. Fed. R. Evid. 401-403.

23.     References or questions regarding any opinion by an expert witness who was not identified as an expert. *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993); Fed. R. Civ. P. 26(a)(2).

24.     Criminal offenses.  That any party or witness has been suspected of, arrested for, charged with or convicted of any criminal offense unless there is evidence of a specific conviction that the Court has previously ruled is admissible in the case.

25.     Discovery Disputes.  Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the Court's rulings thereon.

26.     Photographs and Visual Aids.  Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

27.     Social Cost of Award.  Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

28.     Golden Rule.   Any argument or suggestion that the juror should put themselves in the position of a party.

29.     Evidence Not Produced in Discovery Response to a Proper Request.  Calling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to a proper discovery request (subject to proper objections).  If a party has a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, such party shall first approach the bench and secure a ruling thereon.  Counsel are advised that to the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial.

30.     Objections to Evidence Not Produced in Discovery.  Any objection based on failure to disclose evidence in pre-trial discovery.  Any party desiring to urge any objection shall request to approach the bench and urge such objection outside the hearing of the jury.  To the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial, although the objection may be urged for the record outside the hearing of the jury at the time such evidence is offered in the event the Court has overruled the objection at pretrial.

1244008

## II.   OTHER AGREEMENTS BETWEEN THE PARTIES

### A.   Expert Qualification

The parties agree not to object at trial that any expert in this case lacks the necessary qualifications to render the opinions set out in each expert's respective reports and/or deposition testimony.  As such, no proponent of an expert will need to establish that expert's qualifications or tender such witness for approval by the Court.  This agreement does not preclude cross-examination or jury arguments that go to the weight of the expert's testimony. Nor does this agreement waive any objections to the admissibility of the expert testimony other than qualifications.  Nor does it waive any arguments not otherwise waived by prior or subsequent conduct.

### B.   Identification of Witnesses and Deposition Designations

The following paragraphs modify the Witness Lists section of the Second Amended Joint Pretrial Order (*see* Dkt. No. 139, at 22).

Live Witnesses.  By 9:00 p.m. CT three calendar days before a witness will be called to testify (either live or by deposition), the name of the witness will be identified by email to opposing counsel, along with an explanation of whether the witness will testify live or by deposition, as well as the expected order of presentation. Plaintiffs will identify, at a minimum, their first two witness on Saturday, September 5. And Defendants will identify, at a minimum, their first two witnesses on Friday, September 11. The defendants' first reporting date is premised on the expectation that plaintiffs will rest at or near the end of Thursday, September 10. To the extent the plaintiffs' case goes longer or shorter, the parties will confer over defendants' initial disclosure time.

7

Deposition Witnesses.  For witnesses testifying by deposition, the introducing party will identify the particular designated deposition testimony (by page and line) that are actually intended to be played or read at trial by 9:00 p.m. CT three calendar days prior to introducing deposition testimony. By 9:00 p.m. CT one calendar day after receipt, the other parties will identify any specific pages and lines from that deposition testimony to counter-designate and any testimony about which it maintains an objection. By 9:00 a.m. two calendar days after receipt, the introducing party shall identify any testimony in the counter-designated testimony about which it maintains an objection.  The parties shall then meet and confer to resolve any objections to designated deposition testimony, and to give the introducing party sufficient time to prepare any necessary video/DVD of the testimony. If objections to disputed testimony are not resolved by this process, the parties shall present such objections to the Court the day prior to the day of their intended use at an appropriate time for the Court to issue a ruling.

Deposition testimony shall be either played or read into the record. If a party chooses to read a witness's designations at trial, counter-designations will also be read. If a party chooses to play video of a witness's designations at trial, counter designations will also be played in video. Only counter-designations for completeness, which is to be narrowly construed, will be added to the designating party's portion. All colloquy between counsel and objections shall be eliminated when the deposition is ready or played at trial. The deposition testimony may be played in any order that does not distort the testimony.

8

1244008

C.    <u>Stipulation to the Amount of the Landowner Plaintiffs' Deductions Claim</u>

The landowner plaintiffs and the Chesapeake defendants hereby stipulate and agree that the numbers below reflect the difference between the amount of royalties paid to landowner plaintiffs and the Chesapeake Energy Marketing (or Total) weighted average sales price that was the subject of the landowner plaintiffs' deduction claim urged in plaintiffs' motion for summary partial summary judgment (Dkt No. 50) during the agreed damages period (Dkt. No. 57):

| | |
|---|---|
| Edward P. Bass | $5,004,715.65 |
| Paul B. McKinney | $533,194.30 |
| Mary Barnes McKinney Swift | $533,194.44 |
| William W. McKinney, Jr. | $533,194.41 |
| Darcy Lee Knapp Fricks | $208,054.11 |
| Shelley Lynn Knapp | $208,052.69 |
| Sandra Gail Knapp | $174,799.32 |
| James Christopher Knapp | $208,054.10 |
| Richard Crenshaw Rall | $54,256.79 |
| Olive Greenwald | $121,770.83 |
| Olive Rall Family, L.P. | $186,934.61 |
| Jessica Simus Barr | $27,216.59 |
| Jason Boaz Simus | $27,216.52 |
| Kathleen Rall | $54,256.79 |
| Thomas Malcolm Rall | $54,256.72 |
| Raymond E. Lindamood | $9,625.18 |
| Raymond Ladd Lindamood | $3,494.11 |
| Trinity Valley School | $281,989.80 |
| Fort Worth Academy for the Education of Children and Youth | $76,356.64 |
| Rall Properties, L.P. | $290,485.26 |

Per the Court's ruling on landowner plaintiffs' deduction claim, this amount is subject to pre-judgment interest, costs, and fees that the parties have agreed to address in a post-trial proceeding before the Court.

The parties further agree that they have stipulated to these amounts for the convenience of the parties and to avoid unnecessary expenses of litigation and that the fact of stipulation or the terms thereof shall have no effect whatsoever outside of this current litigation and any appeals thereof.  The parties agree that this stipulation will not result in a waiver of their rights with respect to the merits of the landowner plaintiffs' deduction claim or whether such amounts should be awarded as damages.

All parties reserve their positions regarding under what circumstances, if any, the fact finder should be advised of this stipulation.

Dated                    September                    7,                    2015

1244008

Respectfully submitted,

/s/ Christopher D. Sileo
Christopher D. Sileo
State Bar No. 24027977
Bryan D. Lauer
State Bar No. 24068274
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
csileo@scottdoug.com
blauer@scottdoug.com

Craig Haynes
State Bar No. 09284020
Jeff Ballew
State Bar No. 01654980
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214-969-1700
Facsimile: 214-969-1751
craig.haynes@tklaw.com
jeff.ballew@tklaw.com

Joe Kendall
Texas Bar No. 11260700
KENDALL LAW GROUP, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Phone:  214-744-3000
Fax:      214-744-3015
jkendall@kendalllawgroup.com

Attorneys for Defendants

/s/ Daniel H. Charest
Daniel H. Charest
State Bar No. 24057803
Warren T. Burns
State Bar No. 24053119
Will Thompson
State Bar No. 24094981
BURNS CHAREST LLP
500 North Akard Street, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
wburns@burnscharest.com
wthompson@burnscharest

Attorneys for Plaintiffs

11

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the clerk of the court using the CM/ECF system and that it was served on Defendants on the 7th day of September 2015:

Christopher D. Sileo
State Bar No. 24027977
Bryan D. Lauer
State Bar No. 24068274
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
csileo@scottdoug.com
blauer@scottdoug.com

Craig Haynes
State Bar No. 09284020
Jeff Ballew
State Bar No. 01654980
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214-969-1700
Facsimile: 214-969-1751
craig.haynes@tklaw.com
jeff.ballew@tklaw.com

Joe Kendall
Texas Bar No. 11260700
KENDALL LAW GROUP, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Phone:  214-744-3000
Fax:     214-744-3015
jkendall@kendalllawgroup.com


                                   /s/ Daniel H. Charest

12

1244008